This is a civil action instituted by the plaintiff to recover damages for false arrest and malicious prosecution. Plaintiff resides in Nash County. His wife moved to Warren County and was living in a house belonging to the defendant. On or about 6 April, 1937, the plaintiff went to visit his wife, who is a sister of the defendant. L. L. Raynor, the son of the plaintiff, went to the defendant's home and told him that plaintiff was at Mrs. Raynor's house and that he wanted to get him away, that he was not misbehaving but that some of the children were afraid to go home. Thereupon, the defendant went to Warrenton, signed an affidavit and procured the issuance of a warrant thereon, charging the plaintiff with the crime of simple trespass. The defendant then went with the officer to make the arrest. Plaintiff was arrested and confined in jail about 9:00 p.m., and was brought to trial the next morning about 9:00 a.m. The magistrate, without a hearing, fixed bond and sent the case to the recorder's court as upon a preliminary hearing. The plaintiff on the same day gave bond and was discharged.
When the case came on for trial in the recorder's court of Warren County a nol. pros. with leave was entered. At the time of the issuance of the warrant the defendant knew that he had not forbidden the plaintiff to enter upon lands belonging to the defendant. There was evidence that the action of the defendant in procuring the arrest of the plaintiff was prompted by malice.
Issues were submitted to and answered by the jury as follows:
"1. Did the defendant cause the arrest and prosecution of the plaintiff? Answer: `Yes.'
"2. If so, was same done without probable cause, as alleged in the complaint? Answer: `Yes.' *Page 817 
"3. If so, was same done with malice, as alleged in the complaint? Answer: `Yes.'
"4. Were the acts of the defendant in causing the arrest and prosecution of the plaintiff done with actual malice? Answer: `Yes.'
"5. What amount of damages, if any, is plaintiff entitled to recover of the defendant? Answer: `$150.00.'"
There was a judgment on the verdict, to which the defendant excepted and appealed.
The trial of this cause involved essentially the determination of issues of fact, which have been found by the jury adversely to the defendant. Defendant's exceptive assignments of error cannot be sustained. While the defendant contended that the plaintiff at the hearing on the criminal warrant waived preliminary hearing and thereby admitted probable cause, this was controverted by the plaintiff, and the conflicting evidence was submitted to the jury, which found adversely to the defendant on a charge which fully presented the matter to it. The judgment below is
Affirmed.